# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>    Plaintiff,<br><br>v.<br><br>L. BORGES, et al.,<br><br>    Defendants. | 1:17-cv-01433-AWI-GSA-PC<br><br>**FIRST SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULES 8(a) AND 18(a), WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES** |

## I. BACKGROUND

Darryl Burghardt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

The Complaint is now before the court for screening. 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is a state prisoner incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation, where the events at issue in the Complaint allegedly happened. Plaintiff names as defendants Correctional Officer (C/O) L. Borges, C/O J. Renteria, C/O J. Guerrero, K. Cribbs (Appeals Coordinator), D. Goree (Correctional Counselor II (CC II)), Captain R. Broomfield, Sergeant F. Montoya, M. Sexton (Chief Deputy Warden), Gonzales (LVN), O. Osuma (LVN), Lieutenant A.V. Johnson, Sergeant T. Candia, Lieutenant A. Delacruz, J.C. Smith (Associate Warden), Sergeant D.B. Hernandez, C/O J. Gomez, Lieutenant J.E. Silva, A. Pacillas (CC II), Captain R. Pimentel (Appeals Examiner), C. Hammond (Appeals Examiner), Grimsley (Law Librarian), E. Bender (Senior Law Librarian), S. Wortman (Vice Principal), B. Van Klaveren (Principal), N. Zavala (Mailroom Staff Supervisor), J. Bryant (Mailroom Staff), V. Lopez (Mailroom Staff),

D. Overley (Associate Warden), Captain K. Pearson, Captain J. Keener, Captain R. Godwin, J.A. Zamora (Chief Appeals Coordinator), and K.J. Allen (Appeals Coordinator) (collectively, "Defendants").

Plaintiff's Complaint is seventy-eight pages in length, names thirty-three defendants, and brings sixty-five separate claims. The following is an abbreviated summary of Plaintiff's allegations pertaining to his first twenty-four claims, which are representative of his recitation of allegations for the remaining forty-one claims in the Complaint. The court has arranged the allegations in chronological order, for clarification.

> On August 13, 2013, after Plaintiff submitted appeals against several prison officials, defendant Goree retaliated against Plaintiff by rejecting his appeal for inapplicable reasons.
>
> On October 17, 2013, defendant Cribbs retaliated against Plaintiff because of Plaintiff's appeals, by discarding some of Plaintiff's appeal documents and rejecting the appeal for inappropriate reasons, so defendant Goree could cancel the appeal.
>
> On October 20, 2013, during the collection of prisoner mail, defendant C/O Borges picked up Plaintiff's letter. When Plaintiff presented another piece of mail to Borges for processing, Borges threatened to use pepper spray on Plaintiff, made vulgar comments, and refused to process the mail, out of retaliation for Plaintiff filing a grievance. Plaintiff questioned Borges, but Borges left, ignoring Plaintiff. Plaintiff complained out loud about Borges refusing to process Plaintiff's mail, and defendant Guerrero quickly came to Plaintiff's cell. Guerrero asked Plaintiff if he had broken his cell window. Plaintiff denied breaking the window -- the window was already broken the day before, when Plaintiff was first housed in the cell. Guerrero processed the mail and then demanded that Plaintiff pay for the window. Plaintiff refused because he didn't damage it. On October 21, 2013, Plaintiff submitted an appeal about the matter. On October 23, 2013, defendants Broomfield, Smith, Guerrero, Candia, Silva, and Delacruz conspired to cover up the retaliation against Plaintiff.
>
> On October 23, 2013, defendant Broomfield retaliated against Plaintiff by approving the RVR against Plaintiff that was falsified by defendant Guerrero.
>
> On October 26, 2013, Guerrero falsified a Rules Violation Report (RVR) to cover up Guerrero's misconduct.
>
> On November 4, 2013, while escorting Plaintiff, defendants Borges and Renteria assaulted Plaintiff with pepper spray and battered him. Defendant Montoya refused to let Plaintiff properly decontaminate from the pepper spray, and refused to provide Plaintiff with appropriate medical treatment. On November 4, 2013, defendant Osuma evaluated Plaintiff's injuries but deliberately refused to treat Plaintiff or allow him to fully decontaminate from the pepper spray. Osuma falsified a medical report about the incident. When Plaintiff began to experience complications, Osuma continued to deny Plaintiff

3

adequate medical care.

///

On November 5, 2013, Plaintiff told defendant Gonzales that defendant Osuma deprived Plaintiff of adequate medical care and denied him a chance to fully decontaminate from pepper spray. Plaintiff showed Gonzales the injuries he sustained from the attack and submitted a request form for treatment, but Gonzales refused to provide medical care, in concert with defendant Osuma.

On November 5, 2013, defendant Broomfield reviewed and approved an RVR against Plaintiff that was falsified by defendant Borges to cover up his misconduct and other officers' attempts to cover it up. Broomfield also approved other reports that had been falsified.

Defendant Renteria issued a false incident report, and on November 9, 2013, Borges falsified an RVR against Plaintiff, to cover up and justify the assault. Defendants Delacruz and Montoya conspired to cover up Borges' attack on Plaintiff.

On November 26, 2013, defendants Cribbs, Goree, and Pacillas participated in forging Plaintiff's name on an appeal cover sheet, so the appeals coordinators could argue the appeal was a duplicate and cancel the appeal. Plaintiff filed more appeals.

On November 30, 2013, defendant Johnson was the hearing officer for Plaintiff's RVR that defendant Guerrero had falsified. Plaintiff agreed to go forward with the hearing. When the hearing began, Johnson acted in concert with Guerrero in favor of defendant Borges by refusing to let in evidence favorable to Plaintiff's defense. Rather, Johnson admitted the RVR on the record and convicted Plaintiff.

On December 16, 2013, Johnson again held a hearing, for the RVR falsified by defendant Borges. Again, Johnson refused to admit Plaintiff's evidence and admitted the RVR on the record, convicting Plaintiff, in concert with Borges, Montoya, and Delacruz, out of retaliation against Plaintiff.

On December 28, 2013, defendant Sexton retaliated against Plaintiff by approving a false report for one of Plaintiff's grievances, to keep Plaintiff from seeking relief from cruel and unusual conditions. Sexton acted in concert with defendants Hernandez and Broomfield.

On January 8, 2014, Sexton acted in concert with defendant Pacillas to cover up false reports, in retaliation, by approving of defendant Goree interfering with one of Plaintiff's grievances and covering up Goree's and Cribb's misconduct against Plaintiff. On January 9, 2014, Sexton acted in concert with Broomfield, approving of Broomfield's falsified report for another grievance.

On January 22, 2014, Sexton acted in concert with defendant Overley out of retaliation against Plaintiff by approving a falsified report by defendant Zavala.

. . . . . .

Plaintiff requests declarative relief and monetary damages, including punitive damages.

*///*

*///*

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.  Rule 18(a) of the Federal Rules of Civil Procedure

Plaintiff alleges multiple claims in the Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff alleges multiple claims arising out of separate transactions or occurrences, and is required, for the sake of clarity, to state each claim separately. Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000). Plaintiff brings claims for retaliation, inadequate medical care, violation of due process, and excessive force, arising from different events on different days concerning different defendants. Plaintiff is advised that his claims are not related simply because they arise from retaliatory acts or the processing of Plaintiff's appeals. A claim against one defendant should not be joined with an unrelated claim against a different defendant. Plaintiff shall be granted leave to file an amended complaint that complies with Rule 18(a). In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's amended complaint also violates Rule 18(a) despite this admonition, the court will decide which claims shall proceed.

### B.  Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Plaintiff's Complaint is seventy-eight pages long. For this reason alone, the Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's narrative addressing each claim against each defendant does not clearly or succinctly allege facts against the defendants. Considering that Plaintiff has been instructed by this order not to bring unrelated claims in the First Amended Complaint, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Plaintiff's Complaint shall be dismissed for violation of Rule 8(a), with leave to file an amended complaint not exceeding twenty-five pages in length.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Complaint violates Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure and must be dismissed, with leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file a First Amended Complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each

defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). As discussed above, Plaintiff is not permitted to bring unrelated claims in the First Amended Complaint. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on October 25, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for violation of Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not exceeding twenty-five pages, curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01433-AWI-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: __July 27, 2018__          __/s/ Gary S. Austin__

UNITED STATES MAGISTRATE JUDGE