# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURGHARDT, | 1:17-cv-01433-AWI-GSA-PC |
| Plaintiff, | |
| v. | **ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES, WITHIN THIRTY DAYS** |
| L. BORGES, et al., | |
| Defendants. | |

    Darryl Burghardt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 25, 2017, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

    On August 20, 2020, the court issued an order dismissing Plaintiff's claims against defendants Borges, Renteria, Montoya, Osuma, Gomez, and Gonzales from this action for failure to state a claim, with leave to amend; and dismissing all other claims from this action as unrelated

claims under Rule 18(a), without prejudice to filing new cases to bring those claims. (ECF No. 12.) Plaintiff shall be granted thirty days in which to file the Second Amended Complaint curing the deficiencies in his claims identified in the findings and recommendations entered on July 18, 2019 (ECF No. 18). Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). **Twenty-five pages is sufficient for Plaintiff to set forth his allegations and claims. If Plaintiff's Second Amended Complaint exceeds the 25-page limitation, including any exhibits, the court shall strike the Second Amended Complaint and recommend that this case be dismissed in its entirety.**

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after October 25, 2017, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint not exceeding 25 pages, including any exhibits, curing the deficiencies in the First Amended Complaint identified by the court;
3. If Plaintiff's Second Amended Complaint exceeds the 25-page limitation, which includes any exhibits, the court shall strike the Second Amended Complaint and recommend that this case be dismissed in its entirety;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:17-cv-01433-AWI-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

   Dated:   **August 21, 2020**                     **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE