# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURGHARDT, | 1:17-cv-01433-AWI-GSA-PC |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 23.)** |
| L. BORGES, et al., | |
| Defendants. | |

## I. BACKGROUND

Darryl Burghardt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 25, 2017, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On August 20, 2020, the undersigned issued an order adopting the Magistrate Judge's findings and recommendations, dismissing Plaintiff's claims against defendants Borges, Renteria, Montoya, Osuma, Gomez, and Gonzales from this action for failure to state a claim, with leave to amend; and dismissing all other claims from this action as unrelated claims under Rule 18(a), without prejudice to filing new cases to bring those claims.  (ECF No. 23.)

On September 11, 2020, Plaintiff filed a motion for reconsideration of the August 20, 2020 order.  (ECF No. 23.)  Plaintiff also filed a Second Amended Complaint and an Appeal to the Ninth Circuit Court of Appeals on September 11, 2020.  (ECF Nos. 24, 25.)

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. Plaintiff's Motion

Plaintiff requests reconsideration of the August 20, 2020 order adopting the Magistrate Judge's findings and recommendation, which dismissed Plaintiff's claims against defendants Borges, Renteria, Montoya, Osuma, Gomez, and Gonzales from this action for failure to state a claim, with leave to amend; and dismissed all other claims from this action as unrelated claims under Rule 18(a), without prejudice to filing new cases to bring those claims. Plaintiff disagrees with the assessment of his claims.

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 11, 2020, is DENIED; and
2. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 16, 2020

SENIOR  DISTRICT  JUDGE