# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>    Plaintiff,<br><br>    v.<br><br>L. BORGES, et al.,<br><br>    Defendants. | 1:17-cv-01433-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 24.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

## I.     BACKGROUND

Darryl Burghardt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 27, 2018, the court screened the Complaint and issued an order dismissing the Complaint for violation of Rules 8 and 18(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 12.) On August 29, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 13.)

On July 18, 2019, the court screened the First Amended Complaint and entered findings and recommendations, recommending that Plaintiff's medical and excessive force claims against

Defendants Borges, Renteria, Montoya, Osuna, Gomez, and Gonzales be dismissed for failure to state a claim, with leave to amend, and that all other claims and Defendants be dismissed as unrelated claims under Rule 18(a). (ECF No. 18.) On August 20, 2020, the district judge adopted the findings and recommendations. (ECF No. 21.) Plaintiff was granted thirty days to file a Second Amended Complaint not exceeding 25 pages. (ECF No. 22.) On September 11, 2020, Plaintiff filed the Second Amended Complaint which is now before the court for screening. (ECF No. 24.) Local Rule 230(l).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF SECOND AMENDED COMPLAINT

The events at issue in the Second Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, where Plaintiff is currently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Correctional Officer (C/O) L. Borges, C/O J. Renteria, C/O J. Guerrero, Sergeant F. Montoya, Gonzales (LVN), D. Osuma (LVN), C/O J. Gomez, K. Cribbs (Appeals Coordinator), D. Goree (CCII), Captain R. Broomfield, M. Sexton (Chief Deputy Warden), Lieutenant (Lt.) A.V. Johnson, Sergeant T. Candia, Lt. A. Delacruz, J. C. Smith (Associate Warden), Sergeant D. B. Hernandez, Lt. J. E. Silva, A. Pacillas (CCII), Captain R. Pimentel (Appeals Examiner), C. Hammond (Appeals Examiner), J. A. Zamora (Chief Appeals Coordinator), Grimsley (Law Librarian), E. Bender (Senior Law Librarian), S. Wortman (Vice Principal), Van Klaveren (Principal), N. Zavala (Mailroom Staff Supervisor), J. Bryant (Mailroom Staff), V. Lopez (Mailroom Staff), D. Overley (AW), Captain K. Pearson, Captain J. Keener, Captain R. Godwin, and K. J. Allen (Appeals Examiner).

**Prior Screening Order (ECF No. 21.)**

On August 20, 2020, the court dismissed Plaintiff's claims for excessive force, assault, and battery against defendants Borges and Renteria, and for inadequate medical care against defendants Montoya, Osuma, Gomez, and Gonzales for failure to state a claim, with leave to amend. (ECF No. 21 at 2 ¶2.) The court also dismissed all other claims in the First Amended Complaint as unrelated under Rule 18(a), without prejudice to filing new and different cases to bring the unrelated claims. Plaintiff's claims for retaliation, conspiracy, improper processing of appeals, improper RVR hearings, verbal threats and harassment, due process violations, adverse conditions of confinement, interference with mail, cover-up, and making false reports were dismissed as unrelated claims under Rule 18(a), and Defendants C/O J. Guerrero, K. Cribbs (Appeals Coordinator), D. Goree (CCII), Captain R. Broomfield, Lt. A.V. Johnson, Sergeant T. Candia, Lt. A. Delacruz, J. C. Smith (Associate Warden), Sergeant D. B. Hernandez, Lt. J. E. Silva, A. Pacillas (CCII), Captain R. Pimentel (Appeals Examiner), C. Hammond (Appeals

///

Examiner), and J. A. Zamora (Chief Appeals Coordinator) were dismissed from this case, based on Plaintiff's violation of Rule 18(a), without prejudice to filing new cases against them.

**Defendants and Claims in Second Amended Complaint**

In the Second Amended Complaint, Plaintiff again names all of the defendants who were dismissed from this case, and again brings those claims that were dismissed in violation of Rule 18(a). Plaintiff is not permitted to bring back these dismissed claims and defendants in the Second Amended Complaint.

Plaintiff also adds new defendants to the Second Amended Complaint that were not named in the First Amended Complaint. Plaintiff brings claims against defendants Grimsley (Law Librarian), E. Bender (Senior Law Librarian), S. Wortman (Vice Principal), Van Klaveren (Principal), N. Zavala (Mailroom Staff Supervisor), J. Bryant (Mailroom Staff), V. Lopez (Mailroom Staff), D. Overley (AW), Captain K. Pearson. Captain J. Keener, Captain R. Godwin, and K.J. Allen (Appeals Examiner). The court finds the claims against these new defendants to be unrelated to the excessive force and medical claims that Plaintiff was granted leave to amend in the previous screening order. The newly-added defendants and the claims against them do not belong in the Second Amended Complaint and should be dismissed under Rule 18(a).[1]

Thus, the claims remaining for the court's screening of the Second Amended Complaint are Plaintiff's claims for excessive force against defendants Borges and Renteria, and for inadequate medical care against defendants Montoya, Osuma, Gomez, and Gonzales. All of Plaintiff's other claims should be dismissed from the Second Amended Complaint as unrelated claims under Rule 18(a).

---

[1] A plaintiff may not proceed in one action on a myriad of unrelated claims against different defendants. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

**Plaintiff's Allegations of Excessive Force and Inadequate Medical Care**

Plaintiff's allegations follow, as written in the Second Amended Complaint.

"On 11-4-2013, at CSP-COR, on facility 4A, while L. Borges & J. Renteria were escorting Plaintiff back to Plaintiff's cell (4A2L-43) from the 4A2[L] Small Management Yard (SMY) aka exercise cages, at Plaintiff's cell-front L. Borges influenced J. Renteria to help L. Borges as L. Borges pepper sprayed & battered Plaintiff. E. Montoya showed up to the scene soon afterwards questioning the matter & had Plaintiff taken to the 4A2L rotunda to be medically evaluated by D. Osuma but after Plaintiff requested to be provided with additional adequate medical treatment for his injuries, D. Osuma deprived Plaintiff and falsified what Plaintiff informed D. Osuma about the incident on a Medical Report of Injury or Unusual Occurrence (7219) form. Plaintiff was then taken to the 4A2L B-Section shower cell with the shower water already running to decontaminate from the pepper spray Plaintiff endured but although the shower water was running, F. Montoya refused to remove the mechanical restraints Plaintiff was secured in so he could fully decontaminate from such pepper spray. Plaintiff stressed to fully decontaminate & get adequate medical care yet, D. Osuma did not see to Plaintiff doing so & so F. Montoya just had Plaintiff escorted from the 4A2L B-Section shower cell to Plaintiff's assigned cell, 4A2L-43. In it, shortly afterwards, Plaintiff required medical attention but J. Gomez procrastinated in seeing to Plaintiff receiving such care. Plaintiff was eventually escorted from his cell to the 4A2L rotunda where he was evaluated by D. Osama again but to no avail and J. Gomez had Plaintiff placed under a regular food tray restriction aka paper tray status. Shortly afterwards, Plaintiff turned in a Health Care Services Request (7362) Form to D. Osuma for the medical office or sick call box but she seen to it never being processed or honored. Some time later that evening (on 11-4-13), L. Borges, J. Renteria, J. Gomez, D. Osuma, & E. Montoya falsified incident reports against Plaintiff as a cover up to justify the altercation or put them in the clear. The next day on 11-5-13, at the cell-front of 4A2L-43, Plaintiff was still in need of medical care for the 11-4-13 injuries he sustained, therefore he signaled Gonzales as they were passing by & explained Plaintiff's issues to her. Plaintiff showed Gonzales Plaintiff's injuries & turned in another 7362 form to Gonzales concerning such event but she hurried off & deliberately

refused to treat Plaintiff or have him treated & have the 7362 form processed to act in concert with D. Osuma against Plaintiff." (2nd Amend. Comp., ECF No. 24 at 14-16.)

Plaintiff requests monetary damages, injunctive relief, and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles

the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     **Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff fails to state a claim against defendants Borges and Renteria for use of excessive force in violation of the Eighth Amendment. In the court's prior screening order issued on July

18, 2019, the court advised Plaintiff that his allegations of excessive force in the First Amended Complaint were not sufficient to state a claim for use of excessive force. The court advised Plaintiff of the deficiencies in his claim: "Plaintiff has not alleged facts explaining the circumstances of the escort, such as where and why it happened, how Plaintiff acted, the extent of force used, and Plaintiff's injuries to him were caused by the force, and how each of the named Defendants personally acted against Plaintiff to violate his rights." (ECF No. 18 at 19: 3-6.)

Plaintiff has not corrected any of those deficiencies in the Second Amended Complaint. Plaintiff alleges only the following excessive force allegations against defendants Borges and Renteria in the Second Amended Complaint:

> "On 11-4-2013, at CSP-COR, on facility 4A, while L. Borges & J. Renteria were escorting Plaintiff back to Plaintiff's cell (4A2L-43) from the 4A2[L] Small Management Yard (SMY) aka exercise cages, at Plaintiff's cell-front L. Borges influenced J. Renteria to help L. Borges as L. Borges pepper sprayed & battered Plaintiff."

(2d Amd Comp., ECF No. 24 at 14-15.) These allegations do not sufficiently explain the circumstances of the escort, where and why it happened, how Plaintiff acted, the extent of force used, Plaintiff's injuries caused by the force, or how each of the two Defendants – Borges and Renteria – personally acted against Plaintiff to violate his rights. Plaintiff's conclusory allegations that "Borges influenced J. Renteria to help L. Borges as L. Borges pepper sprayed & battered Plaintiff" do not describe force that is greater than *de minimus,* or clarify what is meant by "pepper sprayed & battered." As such, the court is unable to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, or any efforts made to temper the severity of a forceful response. Therefore, Plaintiff's allegations are insufficient to state a claim for excessive force.

### B.  Medical Claim - Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d 1050, overruled on other grounds by WMX Techs., Inc., 104 F.3d at 1136 (*en banc*) (internal quotations omitted)). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Plaintiff alleges that after he was injured, he was taken to the rotunda to be medically evaluated by D. Osuma (LVN), but when Plaintiff requested to be provided with additional medical treatment, D. Osuma denied his request. Plaintiff also alleges that defendant Sergeant F. Montoya refused to remove Plaintiff's mechanical restraints, making it difficult to fully decontaminate Plaintiff from the pepper spray. Plaintiff also alleges that C/O J. Gomez procrastinated in seeing that Plaintiff received needed medical care, and defendant D. Osuma never processed Plaintiff's request for medical care. Plaintiff also alleges that he informed defendant Gonzales (LVN) that he needed medical care, but she hurried off, deliberately refusing to treat Plaintiff, and did not have the 7362 medical request form processed.

Plaintiff's allegations against Defendants are vague and conclusory. Plaintiff fails to allege *facts* showing that any of the Defendants knew Plaintiff was at serious risk of substantial harm to his health. Plaintiff has not explained the extent of his injuries or how each named defendant personally acted in violation of Plaintiff's rights.

Accordingly, the court finds that Plaintiff fails to state a cognizable Eighth Amendment medical claim against any of the Defendants.

### C. Relief Requested

Besides monetary damages, Plaintiff requests declaratory and injunctive relief.

Plaintiff's request for declaratory relief is subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]") Therefore, Plaintiff is not entitled to declaratory relief in this case.

Plaintiff also requests that Defendants' employment by the CDCR be terminated. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

Terminating Defendants' employment would not remedy the past violation of Plaintiff's constitutional rights, and therefore is not narrowly drawn to correct the alleged past violations. Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore limited to seeking money damages for the violations of his federal rights.

Plaintiff is also advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility,

for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver, 289 F.3d at 627 (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

## V.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to states any cognizable claims in the Second Amended Complaint against any of the Defendants. Therefore, the court shall recommend that this case be dismissed, with prejudice, for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.   This case be dismissed, with prejudice, for failure to state a claim; and

2.   The Clerk be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v.

Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 26, 2021**                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE